```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA                              :
                                                      :
        - v. -                                        :        15 Cr. 620 (NSR)
                                                      :
ANGELA BARNWELL,                                      :
                                                      :
                        Defendant.                    :
------------------------------------------------------X
```

# DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*

Margaret M. Shalley, Esq.
Rachel Perillo, Esq.
Margaret M. Shalley & Associates, LLC
225 Broadway, Suite 715
New York, New York 10007
(212) 571-2670

Alain V. Massena, Esq.
Massena Law, PC
305 Broadway, Suite 1001
New York, New York 10007
(212) 766-1700

*Attorneys for Angela Barnwell*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                    :

UNITED STATES OF AMERICA          :

            - v. -                                  :              15 Cr. 620 (NSR)

ANGELA BARNWELL,                :

                  Defendant.         :
-------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO THE GOVERNMENT'S MOTION *IN LIMINE*

The Government's motion *in limine* (hereinafter "Gov. Mem.") seeks to have IRS Revenue Agent Darlene Jones testify in the Government's case-in-chief as a summary witness and to have Agent Jones remain in the Courtroom throughout the trial. The Government also seeks to introduce summary charts as evidence pursuant to Federal Rule of Evidence (FRE) 1006.

I.     **Revenue Agent Jones Testifying as a "Summary Witness" Would Circumvent the Disclosure Obligations of Federal Rules of Criminal Procedure 16(a)(1)(G) and Federal Rules of Evidence 702, 703, 705 for an Expert Witness**

The Government seeks to have IRS Revenue Agent Darlene Jones testify as a "Summary Witness" rather than an Expert Witness. Agent Jones is described by the Government as a "Revenue Agent."[1] No other details concerning her qualifications have been provided to the

---

[1] The basic job requirements for an Internal Revenue Agent, as indicated by the IRS, are as follows: "[a] bachelor's degree or higher in accounting from an accredited college or university that included at least 30 semester hours in accounting. These 30 hours may include up to 6 semester hours in any combination of courses in business law, economics, statistical/quantitative methods, computerized accounting or financial systems, financial management or finance." One may also qualify "if you meet one of the following requirements: (1) You have at least 4 full years of progressive academic study (120 semester hours) at an accredited college or university that included at least 30 semester hours in accounting as outlined above; OR (2) You have a Certificate as a Certified Public Accountant (CPA) obtained through written examination in a state, territory or the District of Columbia; OR (3) You have a combination of education and experience that included at least 30 semester hours in accounting as

1

Defendant. The Government contends that Agent Jones need not be classified as an expert. However, Agent Jones will be explaining legal and accounting concepts including: interest income, income tax withholding, Original Issue Discount ("OID")[2] deductions and their applications[3], and other deductions as they pertain to Form 1040 and Schedule B. Based on Agent Jones' expertise and training, she will calculate the correct taxes owed to the IRS and interpret the Internal Revenue Code as it relates to documents, bank records and testimony introduced at trial.

Accordingly, the Revenue Agent must be classified as an expert witness because her testimony will be based on her specialized skill, knowledge and experience, and thus falls within FRE 702. Moreover, Agent Jones' specialized knowledge and skill exceeds the layperson's common understanding of the tax code and its application. If the common juror possessed the same knowledge and understanding as Agent Jones, her testimony would be superfluous. Therefore, the Agent's knowledge and understanding of the Internal Revenue Code and its application to this case clearly falls within the purview of FRE 702. Notably, in the only Second Circuit case cited by the Government on this issue, the district court qualified the IRS Agent as both an expert witness and a summary witness to assist the jury in understanding tax computations and summarize the evidence. *United States v. Sherry*, 100 F.3d 943 (2d Cir. 1996). (Gov. Mem. at 3-4). The Government also cites *United States v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008), wherein the government gave appropriate advance notice of its intention to offer the agent's testimony as an expert pursuant to Rule 16. (Gov. Mem. at 3). By having Agent

---

outlined above." *Internal Revenue Agent Basic Requirements for Positions GS-5 And Above*, IRS.GOV, https://jobs.irs.gov/resources/job-descriptions/internal-revenue-agent-basic-requirements-positions-gs-5-and-above (last visited March 6, 2017).
[2] IRS publications demonstrating the complexity of the OID process can be found at: https://www.irs.gov/publications/p1212/ar02.html
[3] A sample OID form and instructions relevant to Ms. Barnwell's return are attached as Exhibit 1.

2

Jones testify as a summary witness, the Government is attempting to circumvent Federal Rule of Criminal Procedure ("FRCP") 16(a)(1)G) and FRE 702 and 703 by proffering an expert witness in lay witness clothing.

Furthermore, the Government claims that Agent Jones' recalculation of Ms. Barnwell's taxes does not require special skill. (Gov. Memo. at 3). However, for Agent Jones to evaluate the documentary evidence and testimony of other witnesses to recalculate Ms. Barnwell's tax liability clearly requires the expertise of a skilled accountant, bookkeeper, or Revenue Agent. By failing to classify Agent Jones as an expert, the Government is attempting to rid itself of its Rule 16 obligation to provide the Defendant with a witness summary of the proposed expert testimony. *See* Fed. R. Crim. Proc. 16(a)(1)(G). A summary of the witness' testimony provided in advance of trial would provide the Defendant with a meaningful opportunity to prepare for cross-examination. Accordingly, the Defendant requests a summary of expert Agent Jones' testimony; however, if the Court rules that Agent Jones is not an expert, the Defendant requests that the Court Order summary disclosure of her testimony to ensure the Defendant is prepared for trial.

## II. The Revenue Agent Should Not Be Excluded from the Sequestration Order

If the Court permits Agent Jones to testify as a summary witness, the Court should preclude her from remaining in the Courtroom during the trial. Notably, the Government is the party opposing sequestration. FRE 615 carries a strong presumption in favor of sequestration. The party opposing sequestration therefore has the burden of demonstrating why the pertinent exception applies, *United States v. Jackson* 60 F.3d. 128 (2d Cir.1995) (citing *Government of Virgin Islands* v. *Edinborough*, 625 F.2d 472, 474 (3d Cir. 1980)), and "why the policy of the

Rule in favor of automatic sequestration is inapplicable in that situation." *Edinborough* 625 F.2d. at 476.

The Government contends that Agent Jones' presence is essential to the presentation of the Government's case pursuant to FRE 615(c). However, the Government has failed to meet their burden of demonstrating that Agent Jones' presence in the courtroom throughout the trial is necessary. Agent Jones may acquire the information to summarize the trial evidence through trial transcripts. This seems appropriate since the Government claims that Agent Jones will be reviewing testimony and making mathematical analyses of numerical data from income tax returns. It would appear that such calculations would be more readily obtained by reviewing the trial transcripts and evidence as opposed to sitting in the courtroom listening to hours of trial testimony and taking notes. Although the Government may find it convenient to have their expert summary witness sitting at the Government's table throughout the trial, Rule 615 is a rule of necessity, not of convenience. Lastly, excluding Agent Jones from the Courtroom avoids the risk of substantial prejudice and her inadvertently vouching for witnesses, bolstering their testimony and presenting a prequel to the Government's summation. *See* Fed. R. Evid. 403.

Accordingly, the Government's motion to allow Revenue Agent Jones to remain in the Courtroom at counsel's table throughout the trial should be denied because the Government has failed to meet its burden of proof. However, in the event the Court permits the Revenue Agent to remain in the Courtroom during the trial, the Defense requests that Agent Jones sit in the audience and not at the Government's table. This will minimize the risk of the Agent acquiring the imprimatur of the U.S. Attorney's Office and further bolstering the Government's case in chief.

### III. Prior to the Admission of Summary Charts, the Government Must Lay a Proper Foundation and the Summary Charts Should be Provided to Defense Counsel Prior to Trial

Rule 1006 provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Summary Charts should not be admitted unless a proper foundation is established connecting the numbers in the chart with the underlying evidence. *United States v. Citron*, 783 F.2d 307 (2d Cir 1986) (improper admission of summary chart constituted prejudicial error requiring a reversal of defendant's conviction and a retrial). A summary chart must be based on foundation testimony or documents connecting it with the underlying evidence summarized, and must be "based upon and fairly represent competent evidence." *Id.* (citing *United States v. O'Connor*, 237 F.2d 466, 475 (2d Cir. 1956). Summary charts are admissible under Rule 1006 when the summarized documents are so voluminous that they cannot be conveniently examined in court, when the underlying evidence itself is admissible, the summarized writings have been made available to the opposing party, and lastly, the summary accurately summarizes the underlying documents and only the underlying documents. Fed. R. Evid. 1006, Practice Comments at 904 (citing *PR Contractors, Inc. v. United States*, 69 Fed. Cl. 468, 69 Fed. R. Evid. Serv. 352 (2006)). Further, summary charts may be received in evidence or simply presented to the jury as an aid to better understand evidence. *United States v. Jasper*, No. 00 CR. 825 (PKL), 2003 WL 221740, at *2 (S.D.N.Y. Jan. 31, 2003). However, "[c]are should be taken to distinguish between the use of summaries or charts *as evidence* pursuant to Rule 1006, and the

5

use of summaries, charts or other aids *as pedagogical devices* to summarize or organize testimony or documents which have themselves been admitted in evidence." *United States v. Bradley,* 869 F.2d 121, 123 (2d Cir.1989) (citing 5 Weinstein's Evidence ¶ 1006[07], at 1006–15 (1988) (emphasis in original)).

In this case, charts should not be admitted into evidence unless the Defendant has had a reasonable opportunity to review them in advance, to consider any objections or corrections, and to be able to review the evidence or test the manner in which the charts were generated. *See United States v. Koskerides,* 877 F.2d 1129, 1134 (2d Cir. 1989). The evidence summarized in the Chart must be accurate and non-prejudicial. In *United States v. Conlin,* 551 F.2d. 534 (2d Cir. 1977), the court stated that permitting a jury to consider a summary chart, which for any reason presents an unfair picture, could be a potent weapon for harm. *Conlin* 551 F.2d at 539 ("A chart submitted by the prosecution is a very persuasive and powerful tool, since by its arrangement and use it is an argument to the jury during the course of the trial") (finding portions of summary charts presented by government in error).

Accordingly, the Defendant respectfully requests that any summary charts that the government will seek to present during the trial be provided to counsel one week before trial so counsel has sufficient time to review the charts and their foundation.

## IV.   Possible Defenses

The Defendant presently does not intend to offer a defense that the IRS code is invalid or to enter into evidence tax defier materials. However, the Defendant has no obligation to notify the Government of any defense other than an affirmative defense. Similarly, the Government should also be precluded from utilizing documents evincing tax-defier and anti-tax materials at

6

trial. The Defense moves to preclude the admission by the Government of tax defier or tax protester materials.

## **CONCLUSION**

For these reasons, the Defendant respectfully requests that the Court grant the Defendant's response to the Government's motion *in limine*.


Dated: March 7, 2017          Respectfully Submitted;
New York, New York
                                     / s /

                              Margaret M. Shalley, Esq.
                              Rachel Perillo, Esq.
                              Margaret M. Shalley & Associates, LLC
                              225 Broadway, Suite 715
                              New York, New York 10007
                              (212) 571-2670

                              Alain V. Massena, Esq.
                              Massena Law, PC
                              305 Broadway, Suite 1001
                              New York, New York 10007
                              (212) 766-1700

# EXHIBIT 1

# Attention:

Copy A of this form is provided for informational purposes only. Copy A appears in red, similar to the official IRS form. The official printed version of Copy A of this IRS form is scannable, but the online version of it, printed from this website, is not. Do **not** print and file copy A downloaded from this website; a penalty may be imposed for filing with the IRS information return forms that can't be scanned. See part O in the current General Instructions for Certain Information Returns, available at www.irs.gov/form1099, for more information about penalties.

Please note that Copy B and other copies of this form, which appear in black, may be downloaded and printed and used to satisfy the requirement to provide the information to the recipient.

To order official IRS information returns, which include a scannable Copy A for filing with the IRS and all other applicable copies of the form, visit www.IRS.gov/orderforms. Click on Employer and Information Returns, and we'll mail you the forms you request and their instructions, as well as any publications you may order.

Information returns may also be filed electronically using the IRS Filing Information Returns Electronically (FIRE) system (visit www.IRS.gov/FIRE) or the IRS Affordable Care Act Information Returns (AIR) program (visit www.IRS.gov/AIR).

See IRS Publications 1141, 1167, and 1179 for more information about printing these tax forms.

**Instructions for Payer**

To complete Form 1099-OID, use:
- the 2017 General Instructions for Certain Information Returns, and
- the 2017 Instructions for Forms 1099-INT and 1099-OID.

To order these instructions and additional forms, go to www.irs.gov/form1099oid.

**Caution:** Because paper forms are scanned during processing, you cannot file Forms 1096, 1097, 1098, 1099, 3921, 3922, or 5498 that you print from the IRS website.

**Due dates.** Furnish Copy B of this form to the recipient by January 31, 2018.

File Copy A of this form with the IRS by February 28, 2018. If you file electronically, the due date is April 2, 2018. To file electronically, you must have software that generates a file according to the specifications in Pub. 1220.

**Foreign recipient.** If the recipient is a nonresident alien, you may have to withhold federal income tax and file Form 1042-S. See the Instructions for Form 1042-S and Pub. 515.

**Need help?** If you have questions about reporting on Form 1099-OID, call the information reporting customer service site toll free at 1-866-455-7438 or 304-263-8700 (not toll free). Persons with a hearing or speech disability with access to TTY/TDD equipment can call 304-579-4827 (not toll free).

**Instructions for Recipient**

Original issue discount (OID) is the excess of an obligation's stated redemption price at maturity over its issue price (acquisition price for a stripped bond or coupon). OID on a taxable obligation is taxable as interest over the life of the obligation. If you are the holder of a taxable OID obligation, generally you must include an amount of OID in your gross income each year you hold the obligation. Obligations that may have OID include a bond, debenture, note, certificate, or other evidence of indebtedness having a term of more than 1 year. For example, the OID rules may apply to certificates of deposit (CDs), time deposits, bonus savings plans, and other deposit arrangements, especially if the payment of interest is deferred until maturity. In addition, the OID rules apply to Treasury inflation-protected securities. See Pub. 550 for more information.

If, as the record holder, you receive Form 1099-OID showing amounts belonging to another person, you are considered a nominee recipient. Complete a Form 1099-OID for each of the other owners showing the amounts allocable to each. File Copy A of the form with the IRS. Furnish Copy B to each owner. List yourself as the "payer" and the other owner as the "recipient." File Form(s) 1099-OID with Form 1096, with the Internal Revenue Service Center for your area. On Form 1096, list yourself as the "filer." A spouse is not required to file a nominee return to show amounts owned by the other spouse. If you bought or sold an obligation during the year and you are not a nominee, you are not required to issue or file Form 1099-OID showing the OID or stated interest allocable to the seller/buyer of the obligation.

The information provided may be different for covered and noncovered securities. For a description of covered securities, see the Instructions for Form 8949. For a covered security acquired with acquisition premium, your payer may report either (1) a net amount of OID that reflects the offset of OID by the amount of acquisition premium amortization for the year, or (2) a gross amount for both the OID and the acquisition premium amortization for the year. For a noncovered security acquired with acquisition premium, your payer is only required to report the gross amount of OID.

**Recipient's taxpayer identification number.** For your protection, this form may show only the last four digits of your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN). However, the issuer has reported your complete identification number to the IRS.

**FATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its chapter 4 account reporting requirement. You also may have a filing requirement. See the Instructions for Form 8938.

**Account number.** May show an account or other unique number the payer assigned to distinguish your account.

**Box 1.** Shows the OID on a taxable obligation for the part of the year you owned it. Report the amount in box 1 as interest income on your income tax return. However, depending on the type of debt instrument, the issue or acquisition date, and other factors (for example, if you paid acquisition or bond premium, or the obligation is a stripped bond or coupon), you may have to figure the correct amount of OID to report on your return. See Pub. 1212 for details on how to figure the correct OID. See the instructions above for a covered security acquired with acquisition premium.

**Box 2.** Shows qualified stated interest on this obligation for the year, which is an amount separate from the OID. If you held the obligation the entire year, report this amount as interest income on your tax return. If you disposed of the obligation or acquired it from another holder during the year, see Pub. 550 for reporting instructions. If there is an amount in both boxes 2 and 8, the amount in box 2 is interest on a U.S. Treasury obligation and is exempt from state and local income taxes. If there is an amount in both boxes 2 and 11, the amount in box 2 is tax-exempt interest and is not included in interest income on your tax return. In general, report this amount on line 8b on Form 1040.

**Box 3.** Shows interest or principal forfeited if you withdrew the money before the maturity date of the obligation, such as from a CD. You may deduct this amount to figure your adjusted gross income on your income tax return. See the Instructions for Form 1040 to see where to take the deduction.

**Box 4.** Shows backup withholding. Generally, a payer must backup withhold if you did not furnish your taxpayer identification number (TIN) or you did not furnish the correct TIN to the payer. See Form W-9 for information on backup withholding. Include this amount on your income tax return as tax withheld.

**Box 5.** For a covered security acquired with OID, if you made an election under section 1278(b) to include market discount in income as it accrues and you notified your payer of the election in writing in accordance with Regulations section 1.6045-1(n)(5), shows the market discount that accrued on the debt instrument during the year while held by you. For a tax-exempt obligation that is a covered security acquired on or after January 1, 2017, and issued with OID, shows the market discount that accrued on the obligation during the year while held by you. For a covered security acquired on or after January 1, 2015, market discount will be calculated on a constant yield basis unless you notified your payer in writing in accordance with Regulations section 1.6045-1(n)(5) that you did not want to make a constant yield election for market discount under section 1276(b). The payer may, but is not required to, report the market discount for a tax-exempt obligation that is a covered security acquired before January 1, 2017. Report the accrued market discount on your income tax return as directed in the instructions for Form 1040 or 1040A. Market discount on a tax-exempt security is includible in taxable income as interest income.

*(Continued on the back of Copy 2)*

**Instructions for Recipient** *(Continued)*

**Box 6.** For a taxable covered security, shows the amount of acquisition premium amortization for the year that reduces the amount of OID that is included as interest on your income tax return. If an amount is reported in this box, see the instructions for Form 1040 (Schedule B). If an amount is not reported in this box for a covered security acquired with acquisition premium, the payer has reported a net amount of OID that reflects the offset of OID that is included in income. If the payer has reported a net amount of OID in box 1 or box 8, you must report the net amount of OID on Form 1040 (Schedule B) and you must not make an adjustment to this amount for acquisition premium on Form 1040 (Schedule B).

If there is an amount in both boxes 6 and 11, for a tax-exempt obligation that is a covered security acquired on or after January 1, 2017, and issued with OID, the amount in box 6 shows the amount of acquisition premium amortization for the year that reduces the amount of your tax-exempt OID for the year. The payer may, but is not required to, report the acquisition premium for a tax-exempt obligation that is a covered security acquired before January 1, 2017, and issued with OID. See the instructions above for a covered security acquired with acquisition premium.

**Box 7.** Shows the identification (CUSIP) number or description of the obligation (may include the stock exchange, issuer, coupon rate, and year of maturity).

**Box 8.** Shows OID on a U.S. Treasury obligation for the part of the year you owned it. Report this amount as interest income on your federal income tax return, and see Pub. 1212 to figure any appropriate adjustments to this amount. This OID is exempt from state and local income taxes and is not included in box 1. See the instructions above for a covered security acquired with acquisition premium. If the number in this box is negative, it represents a deflation adjustment. See Pub. 550 for further information on accounting for this adjustment.

**Box 9.** Any amount shown is your share of investment expenses of a single-class REMIC. If you file Form 1040, you may deduct these expenses on the "Other expenses" line of Schedule A (Form 1040) subject to the 2% limit. This amount is included in box 2.

**Box 10.** For a taxable covered security, including a Treasury inflation-protected security, shows the amount of premium amortization allocable to the interest payment(s), unless you notified the payer in writing in accordance with Regulations section 1.6045-1(n)(5) that you did not want to amortize bond premium under section 171. If an amount is reported in this box, see the instructions for Form 1040 (Schedule B). If an amount is not reported in this box for a taxable covered security acquired at a premium and the payer is reporting premium amortization, the payer has reported a net amount of interest in box 2. If the amount in this box is greater than the amount of interest paid on the covered security, see Regulations section 1.171-2(a)(4).

If there is an amount in both boxes 10 and 11, for a tax-exempt obligation that is a covered security acquired on or after January 1, 2017, and issued with OID, the amount in box 10 shows the amount of premium amortization for the year that reduces the amount of your tax-exempt interest for the year. The payer may, but is not required to, report the premium amortization for a tax-exempt obligation that is a covered security acquired before January 1, 2017, and issued with OID.

**Box 11.** For a tax-exempt obligation that is a covered security acquired on or after January 1, 2017, shows the tax-exempt OID on the obligation for the part of the year you owned it. The payer may, but is not required to, report the OID for a tax-exempt obligation that is a covered security acquired before January 1, 2017. In general, report the amount of tax-exempt OID in box 11 on line 8b on Form 1040. See the instructions above for a covered security acquired with acquisition premium.

**Boxes 12–14.** State income tax withheld reporting.

**Future developments.** For the latest information about developments related to Form 1099-OID and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/form1099oid*.

| | | ☐ CORRECTED (if checked) | | |
|---|---|---|---|---|
| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | 1 Original issue discount for 2017* $ <br> *This may not be the correct figure to report on your income tax return. See instructions on the back. <br> 2 Other periodic interest $ | OMB No. 1545-0117 <br> 2017 <br> Form **1099-OID** | **Original Issue Discount** |
| PAYER'S federal identification number | RECIPIENT'S identification number | 3 Early withdrawal penalty $ | 4 Federal income tax withheld $ | Copy B |
| | | 5 Market discount $ | 6 Acquisition premium $ | For Recipient |
| RECIPIENT'S name <br><br> Street address (including apt. no.) <br><br> City or town, state or province, country, and ZIP or foreign postal code | | 7 Description | | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| | | 8 Original issue discount on U.S. Treasury obligations* $ | 9 Investment expenses $ | |
| | FATCA filing requirement ☐ | 10 Bond premium $ | 11 Tax-exempt OID $ | |
| Account number (see instructions) | | 12 State | 13 State identification no. | 14 State tax withheld $ <br> $ |

Form **1099-OID**        (keep for your records)        www.irs.gov/form1099oid        Department of the Treasury - Internal Revenue Service

☐ VOID    ☐ CORRECTED

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | | 1 Original issue discount for 2017<br>$ | OMB No. 1545-0117<br>2017<br>Form **1099-OID** | **Original Issue Discount** |
|---|---|---|---|---|
| | | 2 Other periodic interest<br>$ | | |
| PAYER'S federal identification number | RECIPIENT'S identification number | 3 Early withdrawal penalty<br>$ | 4 Federal income tax withheld<br>$ | **Copy C** |
| | | 5 Market discount<br>$ | 6 Acquisition premium<br>$ | **For Payer** |
| RECIPIENT'S name | | 7 Description | | |
| Street address (including apt. no.) | | | | For Privacy Act and Paperwork Reduction Act Notice, see the **2017 General Instructions for Certain Information Returns.** |
| City or town, state or province, country, and ZIP or foreign postal code | | 8 Original issue discount on U.S. Treasury obligations<br>$ | 9 Investment expenses<br>$ | |
| | FATCA filing requirement ☐ | 10 Bond premium<br>$ | 11 Tax-exempt OID<br>$ | |
| Account number (see instructions) | 2nd TIN not. ☐ | 12 State | 13 State identification no. | 14 State tax withheld<br>$<br>$ | |

Form **1099-OID**          www.irs.gov/form1099oid          Department of the Treasury - Internal Revenue Service