UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

ANGELA BARNWELL,

                    Defendant.

No. 15 Cr. 620 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

       The Government alleges that Defendant Angela Barnwell filed fraudulent income tax

returns for tax years 2008 and 2009 that grossly misstated the amount of taxes withheld on

interest she allegedly earned, and which led to her falsely claiming nearly $400,000 in refunds to

which she was not entitled. (Indictment, ECF No. 1.) She is therefore charged with filing

materially false income tax returns under 26 U.S.C. § 7206(1), requiring proof "(1) that [she]

made or caused to be made, a federal income tax return for the year[s] in question which [s]he

verified to be true; (2) that the tax return[s] w[ere] false as to a material matter; (3) that the

defendant signed the return[s] willfully and knowing [they] w[ere] false; and (4) that the

return[s] contained a written declaration that [they] w[ere] made under the penalty of perjury."

*United States v. LaSpina*, 299 F.3d 165, 179 (2d Cir. 2002) (quoting *United States v. Pirro*, 212

F.3d 86, 89 (2d Cir. 2000)). Before the Court are motions *in limine* from the Government (ECF

No. 17) ("Gov. Mot.") and Defendant (ECF No. 18) ("Def. Mot.") seeking pre-trial rulings on

evidentiary and trial procedural issues.

       The Government requests permission to 1) have IRS Revenue Agent Darlene Jones

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/20/2017

testify as a summary witness regarding the tax returns filed and the tax implications of such returns, 2) have Agent Jones and IRS Special Agent James Killeen remain present in the courtroom during the presentation of evidence, and 3) introduce summaries of bank and IRS records pursuant to Federal Rule of Evidence 1006. (*See generally* Gov. Mot.) Defendant seeks to preclude the admission of 1) testimony and documentary evidence submitted by Ms. Barnwell to the IRS or any mention of the "Sovereign Citizen" movement since such evidence would be used to imply she considers herself to be part of that movement, 2) the phrases "1099-OID scheme," "Frivolous Return Program," or similar language contained in IRS forms or testimony which may be presented at trial to avoid prejudicing the jury, and 3) social security and other identifying information of Ms. Barnwell and members of her family. (*See generally* Def. Mot.)

For the reasons that follow, the Government's motions are GRANTED with certain limitations, and the Defendant's motions are DENIED in part and GRANTED in part.

## DISCUSSION

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal citation and quotation marks omitted); *see generally Luce v. United States*, 469 U.S. 38 (1984). Upon such a motion, the Court is called upon "to make a preliminary determination on the admissibility of the evidence," *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005), and only evidence that is "clearly inadmissible on all potential grounds" should be excluded on a motion *in limine*. *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001) (internal citations omitted).

## I.    IRS Revenue Agent Jones as a Summary Witness

The Government seeks to introduce testimony of Agent Jones purportedly as a summary witness, but Defendant is concerned that Agent Jones is an expert witness disguised as a summary witness in order to evade the requirements of Federal Rule of Criminal Procedure 16. (Def.'s Opp'n at 3); *see, e.g., United States v. Mirilishvili*, No. 14 Cr. 810 (CM), 2016 WL 751690, at *2-3 (S.D.N.Y. Feb. 19, 2016) (defendant contended the government's expert notice failed to meet the requirements of Rule 16(a)(1)(G)).  The Government has clearly stated that it "does not intend to qualify Agent Jones as an expert witness." (Gov. Mot. at 3.)[1]  Defendant's concerns on that point are therefore moot.  (Def.'s Opp'n at 1-3.)

So long as Agent Jones' testimony "does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts," *United States v. Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008), then she will merely be "testify[ing] as to [her] analysis of the transaction *which may necessarily stem from the testimony of other witnesses." United States v. Moore*, 997 F.2d 55, 58 (5th Cir. 1993) (emphasis added); *see also United States v. Pree*, 408 F.3d 855, 869 (7th Cir. 2005) ("It is well established that the nature of a summary witness' testimony requires that [s]he draw conclusions from the evidence presented at trial.") (internal quotation marks omitted).  "Agent [Jones] will not be permitted to opine on the credibility of other fact witnesses or in any way evaluate their testimony." *United States v. Cadet*, No. 08 Cr. 458 (NGG), 2009 WL 2959606, at *4 (E.D.N.Y. Sept. 11, 2009) (discussing the bounds of an *expert* summary witness).  "Rather, based on the numerical facts provided by

---

[1] Even if the Government did plan to introduce Agent Jones as an expert witness, that may be permissible within certain boundaries. *See United States v. Sherry*, 100 F.3d 943, at *1 (2d Cir. 1996) (summary opinion) (affirming the expert testimony of an IRS agent whose testimony was offered "both to assist the jury in understanding the tax computations on each of the relevant returns and to summarize the record evidence"); *but see United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2003) ("when a fact witness or a case agent also functions as an expert for the government, the government confers upon him '[t]he aura of special reliability and trustworthiness surrounding expert testimony, which ought to caution its use.'") (citations omitted).

those witnesses, [s]he will merely perform tax calculations." *Id.* ("The numbers [s]he uses and assumptions [s]he makes will be subject to cross-examination, as will h[er] calculations").

The Government should be mindful of the boundaries of Agent Jones' summary testimony. *See United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004) ("a summary witness for the Government" cannot tell the jury "what [is] in the evidence" and "what inferences to draw from it" under Federal Rule of Evidence 701); *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) ("rather than testimony 'based on the perceptions of the witness' . . . the bulk of the [] opinion testimony" provided by the government's DEA witnesses was "based on the perceptions, education, training, and experience of the witness," requiring expert disclosure pursuant to Rule 16 and scrutiny under Rule 702); *see also* Fed. R. Evid. 701 advisory committee's note to 2000 amendment ("Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing"). Moreover, in this Circuit it is improper for the Government "to open its case with an overview witness who summarizes evidence that has not yet been presented to the jury." *United States v. Garcia*, 413 F.3d 201, 214 (2d Cir. 2005) (quoting 6 Weinstein's Federal Evidence § 1006.04[3]). "[T]his practice is particularly problematic in criminal cases because it allows 'the government to paint a picture of guilt before the [supporting] evidence has been introduced.'" *Id.* (quoting *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003)).

The witness should be advised ahead of any testimony that she must avoid adding any gloss of expertise when she performs this function. Her role is to testify as a summary witness on behalf of the IRS, not to lend an aura of credibility to any lay opinion regarding Defendant's culpability. *See United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2003) (where DEA case

4

agent was also the government's expert on the use of code words in narcotics conversations and testified about the meaning of conversations in general, beyond the interpretation of code words, and interpreted ambiguous slang terms that only at first glance might appear to be code or jargon, his "dual roles as case agent and expert witness allowed him to [impermissibly] serve as a summary witness" with an "aura of special reliability and trustworthiness").

Therefore, this portion of the Government's motion *in limine* is granted in accordance with the above limitations. The Court is mindful of Defendant's concern and agrees there is a risk that Agent Jones' non-expert summary witness testimony will be used as an end-run around the Government's expert witness disclosure obligations. (*See* Def.'s Opp'n at 3.) To avoid any potential prejudice, the Court orders the Government to disclose a summary of her expected summary testimony in advance of trial. (*Id.* ("A summary of the witness' testimony provided in advance of trial would provide the Defendant with a meaningful opportunity to prepare for cross-examination.").)

## II.    Agents Remaining in the Courtroom During the Presentation of Evidence at Trial

The Government also seeks to have Agents Jones and Killeen present while other witnesses are testifying rather than the usual course of sequestration. *See* Fed. R. Evid. 615 & advisory committee's note to 1972 amendment ("The efficacy of excluding or sequestering witnesses has long been recognized as a means of discouraging and exposing fabrication, inaccuracy, and collusion."). Defendant does not oppose Agent Killeen's presence during the presentation of evidence, and the Government contends he is "excepted from Rule 615 as the Government's representative under Rule 615(b)." (Gov. Mot. at 4 n.1.) Therefore, Agent Killeen will be exempted from sequestration. *See United States v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992).

As for Agent Jones, the Government suggests her "presence is essential to the presentation of the Government's case under Rule 615(c)." (Gov. Mot. at 4.) But there is "a strong presumption in favor of sequestration," and "[t]he party opposing sequestration [] has the burden of demonstrating why the pertinent Rule 615 exception applies." *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995). Although the Government has not provided much in the way of explanation for why Agent Jones' presence is "essential" to its case, the Government has indicated that the rationale for sequestering witnesses does not apply to a summary witness. *See United States v. Mohney*, 949 F.2d 1397, 1404-05 (6th Cir. 1991) (when the witness in question will "not testify to the facts of the case but rather give[] h[er] opinion based upon the testimony of others," her continued presence in the courtroom will be a benefit because her testimony will be based "on a more accurate understanding of the testimony as it evolves before the jury"). Based on the purpose and function of a summary witness, the Court agrees that it will be more efficient to allow Ms. Jones to follow the evidence as it is presented to ensure she only comments on evidence properly admitted at trial, and to ensure the accuracy of her testimony should cross-examination "bring out any facts not considered" by the Government's other witnesses. *Id.* at 1404.

This portion of the Government's motion *in limine* is therefore granted. Defendant's alternative request that Agent Jones not sit at the prosecution table to "minimize the risk [that she] acquir[es] the imprimatur of the U.S. Attorney's Office" is correspondingly granted.

### III.   Introduction of Summary Evidence of IRS and Bank Records

Finally, the Government seeks to introduce, pursuant to Federal Rule of Evidence 1006, summary charts of the tax and bank records that it plans to admit at trial, which will fairly and accurately summarize those records. (Gov. Mot. at 6 ("The Government anticipates that all of the underlying evidence will not only be admissible, but most of it will in fact be admitted at

6

trial.").)  The Government asserts it has produced the documents underlying the summaries to

Defendant in discovery.  (*Id.* at 5.)  Defendant has noted areas of concern, including that the

summaries must be accurate and requesting draft copies to ensure they do not mislead the jury,

but does not argue that summaries are unnecessary in this case.  (*See* Def.'s Opp'n at 5-6);

*United States v. Conlin*, 551 F.2d 534, 538-39 (2d Cir. 1977) ("A chart submitted by the

prosecution is a very persuasive and powerful tool and must be fairly used, since, by its

arrangement and use, it is an argument to the jury during the course of the trial.").

      Since the Government has indicated that it plans to provide Defendant with drafts of

these charts as they are completed, the Court considers Defendant and the Government to be in

agreement at this time as to their admissibility and preliminarily grants the Government's request

to introduce such summaries.  The Government should confer in good faith with Defendant prior

to trial to ensure that the summaries are acceptable to both parties, and the Court agrees that

Defendant should have access to the final summaries at least one week prior to trial.

## IV.     Preclusion of the term "Sovereign Citizen" or reference to the "Sovereign Citizen Movement"

      Defendant, concerned that any reference to certain materials submitted by Defendant to

the IRS might be used to imply she considers herself a "Sovereign Citizen" or member of that

movement, has asked that the Court preclude such evidence.  (Def. Mot. at 2-4.)  The

Government, however, has not only indicated that it does not plan to introduce such evidence

unless Defendant opens the door to the issue (Gov.'s Opp'n at 1-2), but also noted it would seek

to preclude the admission of such testimony or evidence if Defendant affirmatively sought to

introduce it (Gov. Mot. at 6-7 ("In the event the defendant attempts to introduce such arguments

or evidence at trial, the Government hereby notifies the defendant that it reserves the right to

move to preclude the admission of tax-protester arguments and tax-defier materials.")).

Therefore, there is nothing for the Court to resolve. This part of Defendant's motion *in limine* is denied as moot. Nevertheless, the Court also notes "the First Amendment does not erect a *per se* barrier to . . . admission of evidence regarding the defendant's beliefs, which may be relevant, e.g., to show motive . . . ." *Cf. United States v. Ulloa*, 511 F. App'x 105, 108 (2d Cir. 2013) (consideration of membership in the Sovereign Citizen's movement during sentencing of defendant was permissible); *United States v. Floyd*, 740 F.3d 22, 30 (1st Cir. 2014) (solicitation of tax-defiers probative of unlawful intent); (*see also* Gov.'s Opp'n at 3-4 (collecting cases from other jurisdictions)). The potential admissibility of this evidence in the event that Defendant opens the door to its introduction, and any necessarily limiting instructions, will be considered during the course of the trial.

## V.   Preclusion of the phrases "1099-OID scheme," "Frivolous Return Program," or similar language contained in IRS forms or testimony

Defendant is similarly concerned that the phrases "1099-OID scheme," "Frivolous Return Program," or other similar language contained in IRS forms or testimony, would prejudice the jury into believing that her returns were *in fact* part of a scheme or frivolous—one of the primary issues for the jury to determine at trial. (Def. Mot. at 4-6); *LaSpina*, 299 F.3d at 179 (the Government must show the returns are "false as to a material matter" and that Defendant signed them "knowing" of their falsity). The Government opposes this part of Defendant's motion *in limine*, arguing that these terms merely describe the IRS's internal methods for addressing tax returns of this nature and would not be overly prejudicial to Defendant. (*See* Gov. Mot. at 4-10); Fed. R. Evid. 403. Despite devoting substantial space to its opposition of these portions of Defendant's motion, the Government ignores controlling law in this Circuit.

In *United States v. Scop*, the Second Circuit indicated that "repeated statements embodying legal conclusions exceed[] the permissible scope of opinion testimony under the

8

Federal Rules of Evidence."  846 F.2d 135, 139 (2d Cir.), *on reh'g*, 856 F.2d 5 (2d Cir. 1988).

The Court noted that "'[m]anipulation,' 'scheme to defraud,' and 'fraud' are not self-defining

terms but rather have been the subject of diverse judicial interpretations." *Id.* at 140.  While

*Scop* dealt with the admission of expert testimony, the Court sees no reason why other witnesses

or documentary evidence should be allowed to proclaim that Defendant's returns are "frivolous"

or constitute a "scheme."  Such evidence runs the risk of misleading the jury, unfairly

prejudicing Defendant, and invading the province of the jury to decide the ultimate issues in this

case.  *See* Fed. R. Evid. 403; *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("when a

witness has fully described what a defendant was in a position to observe, what the defendant

was told, and what the defendant said or did, the witness's opinion as to the defendant's

knowledge will often not be 'helpful' within the meaning of Rule 701 because the jury will be in

as good a position as the witness to draw the inference as to whether or not the defendant

knew."); *but see United States v. Schwartz*, 924 F.2d 410, 426 (2d Cir. 1991) (statements given

by "witness to the investigation" was "relevant to explaining the direction of the investigation

and in answering the very question first raised by [defendants]—that is, why [the investigator]

chose to continue the investigation even though [a defendant] termed his planned activities as

'legal.'"); *United States v. Hoffecker*, 530 F.3d 137, 171 (3d Cir. 2008) (lay opinion regarding

"scam" was allowed where witness "was not an expert witness, did not couch his view that

[investment company] was a 'scam' on the language of the mail fraud statute, and did not base

his opinion on the credibility or testimony of others").

　　　　The cases from other district courts outside of this Circuit cited by the Government do

not persuade the Court to come to a different conclusion.  *See, e.g.*, *United States v. Folkers*, No.

04 Cr. 20124 (KHV), 2008 WL 956833, at *1 (D. Kan. Apr. 4, 2008)  (without significant

analysis, the Court agreed with the Government that the terms "sham," "scam," or "scheme" were not "inflammatory per se" and found "no reason to impose a blanket ban on their use before trial;" however, the court allowed the defendant to reassert his objections if "the use of such references raise particular concerns in the course of trial"). Therefore, this portion of Defendant's motion *in limine* is granted. The Government should redact terms such as "frivolous," "scheme," "scheme to defraud," "fraudulent," and other such words that connote the potential guilt of Defendant for filing the tax returns from any evidence it plans to introduce at trial. Furthermore, witnesses for the Government should refrain from characterizing or predetermining whether the tax returns are fraudulent, frivolous, or part of a scheme, unless the witnesses is providing background information based on personal knowledge explaining why the returns were investigated in the first place. *See Mohney*, 949 F.2d at 1406 (quoting *United States v. DeClue*, 899 F.2d 1465, 1473 (6th Cir. 1990)) ("[The agent] did not give her opinion about whether appellant was guilty or not; she gave her opinion regarding whether tax was due and owing for the years in question").

## VI.    Redaction of Personal Identifying Information

Finally, Defendant seeks to have all personal identifying information—including social security numbers, taxpayer identification numbers, birthdates, minor's full names, bank account numbers, and home addresses—relating to herself or her family members redacted in accordance with Federal Rule of Criminal Procedure 49.1. Since this is required under federal law and the Government has not identified an exception or sought an order to the contrary (*see* Gov.'s Opp'n at 1-2 n.1), this portion of Defendant's motion in *limine* is granted.

## CONCLUSION

For the foregoing reasons, the motions *in limine* are decided as follows:

- IRS Revenue Agent Darlene Jones may testify as a summary witness regarding the tax returns filed and the tax implications of such returns in accordance with the limitations set forth herein;

- Agent Jones and IRS Special Agent James Killeen may remain present in the courtroom during the presentation of evidence, though Agent Jones may not sit at the prosecution table;

- The Government may introduce summaries of bank and IRS records so long as Defendant is satisfied they are based on admissible evidence that will be introduced at trial and are not unduly suggestive;

- Since neither party plans to introduce evidence or testimony relating to the "Sovereign Citizen" movement, the question of the admissibility of such evidence in the event Defendant opens the door to its admission is reserved for trial;

- The Government should redact from documents and refrain from introducing evidence or testimony categorizing Defendant's tax returns by using terms such as "scheme," "frivolous," "fraudulent," or other such terms, aside from necessary background information based on personal knowledge explaining the course of the investigation; and

- The Government will redact all personal identifying information contained in documents it plans to introduce at trial.

The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 17 & 18.

Dated:   March 20, 2017
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge